**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XING ZHANG, | No. 13-74257 |
| Petitioner, | Agency No. A200-803-572 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Xing Zhang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum and withholding of removal.   We

have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence the

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009), and we deny the petition for review.

Even if he established an exception excusing his untimely-filed asylum application, and even if his testimony was credible, substantial evidence supports the agency's determination that Zhang failed to establish an objectively reasonable fear of future persecution based on his speculation that Chinese authorities would be interested in him. *See Gu v. Gonzales*, 454 F.3d 1014, 1021-22 (9th Cir. 2006) (petitioner's fear of re-arrest in China not objectively reasonable where record contained no evidence of Chinese authorities' continued interest in him after earlier arrest and detention, even crediting testimony that authorities had looked for him at his former home). We reject Zhang's contention that the agency ignored evidence. Thus, we deny the petition as to Zheng's asylum claim.

Because Zhang failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**